1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  MARTHA MIRAMONTES,                ) | 1:10-cv-1256 OWW JLT |
|                                   ) | |
| 10              Plaintiff,         ) | SCHEDULING CONFERENCE ORDER |
|                                   ) | |
| 11      v.                        ) | Discovery Cut-Off: 7/29/11 |
|                                   ) | |
| 12  MADEIRA USA, LTD., a           ) | Non-Dispositive Motion |
|     corporation; and DOES 1 through ) | Filing Deadline: 8/15/11 |
| 13  50, inclusive,                 ) | |
|                                   ) | Non-Dispositive Motion |
| 14              Defendant.         ) | Hearing Date: 9/16/11 9:00 |
|     _____ ) | Bakersfield |
| 15                                 ) | |
|     AND RELATED CROSS-ACTION.       ) | Dispositive Motion Filing |
| 16                                 ) | Deadline: 8/30/11 |
|     _____ ) | |
| 17                                  | Dispositive Motion Hearing |
|                                     | Date: 10/3/11 10:00 Ctrm. 3 |
| 18                                  | |
|                                     | Settlement Conference Date: |
| 19                                  | 8/3/11 10:00 Bakersfield |
| 20                                  | |
|                                     | Pre-Trial Conference Date: |
|                                     | 11/7/11 11:00 Ctrm. 3 |
| 21                                  | |
|                                     | Trial Date: 12/13/11 9:00 |
| 22                                  | Ctrm. 3 (JT-5 days) |
| 23                                  | |

24  I.   Date of Scheduling Conference.

25       November 12, 2010.

26  II.  Appearances Of Counsel.

27       Wild, Carter & Tipton by Monrae English, Esq., appeared on

28  behalf of Plaintiff.

                                    1

1    Rutan & Tucker, LLP by Shawn M. Larsen, Esq., appeared on

2    behalf of Defendant.

3    III.   Summary of Pleadings.

4        A.   Miramontes' Contentions.

5            1.   Miramontes was employed by Madeira as a Customer

6    Service Representative from September of 2005 through August 12,

7    2008.   In May of 2008, Miramontes discovered that she was

8    pregnant.   Almost immediately Debi Ewers, one of Miramontes'

9    direct supervisors and a senior manager at Madeira, engaged in

10   conduct which included harassing and belittling comments

11   regarding her pregnancy - muttering the word "retarded" and

12   "idiot" under her breath and making comments about certain

13   individuals being "prego" as Miramontes would approach.   These

14   demeaning comments were accompanied by sneering, disrespect and

15   condescending laughter.   In addition, Ms. Ewers began to

16   scrutinize Miramontes' every move, continuously inquiring of

17   other employees as to Miramontes' whereabouts and activities and

18   continuously making condescending comments related to Miramontes'

19   pregnancy status.   On August 12, 2008, Ms. Miramontes was

20   terminated by Ms. Ewers who gave Miramontes three conflicting

21   reasons for her termination: (1) budget cuts; (2) her "numbers";

22   and (3) her attendance.   After Miramontes was terminated from

23   Madeira, scathing emails written by Debi Ewers surfaced.   These

24   emails were not private and the emails confirm that Miramontes as

25   well as another pregnant employee at Madeira were the subjects of

26   slanderous comments related to their pregnancy and confirm the

27   pretext of Miramontes' termination.   Miramontes seeks, among

28   other remedies: (a) general and special damages including loss of

2

1 income and benefits according to proof; (b) punitive damages; and

2 (c) reasonable attorneys' fees and pre-judgment interest pursuant

3 to Government Code § 12965(b).

4     B.   Madeira's Contentions.

5         1.   Madeira is a leader in the high-end embroidery

6 thread industry.  Based in New Hampshire, Madeira currently

7 operates only two facilities in California, located in Fresno and

8 Ontario.  Miramontes is a former employee of Madeira.  In her

9 Complaint, Miramontes alleges that her August 12, 2008

10 termination was the result of pregnancy discrimination.  Madeira

11 denies this assertion and contends that Miramontes was not the

12 victim of discrimination on any basis.  Rather, Miramontes

13 suffered only the consequences of her own sub-par performance and

14 consistent refusal to abide by company policy.  Based on her

15 performance issues, she was selected for termination in

16 connection with company-wide budget cuts.

17         2.   In its Counter-Claim, Madeira asserts that

18 Miramontes, either alone or in connection with another

19 disgruntled former employee(s), obtained unauthorized access to

20 another employee's computer in hopes of gathering documents for

21 use in a claim against Madeira.  Accordingly, Madeira asserts a

22 single claim for relief against Miramontes for violation of

23 California Penal Code Section 502.  Madeira seeks, among other

24 remedies: (a) an order directing Miramontes to return all Madeira

25 property in her possession, custody or control, and (b) damages

26 according to proof, including punitive damages, reasonable

27 attorneys' fees and pre-judgment interest.

28 ///

1   IV.   Orders Re Amendments To Pleadings.

2         1.    The parties do not anticipate amending the pleadings at

3   this time.

4   V.    Factual Summary.

5         A.    Admitted Facts Which Are Deemed Proven Without Further

6   Proceedings.

7               1.    Martha Miramontes commenced employment at Madeira

8   September 6, 2005.

9               2.    Miramontes' employment at Madeira ended on August

10  12, 2010.

11              3.    During her employment, Ms. Miramontes became

12  pregnant.

13        B.    Contested Facts.

14              1.    All remaining issues of fact are disputed.

15  VI.   Legal Issues.

16        A.    Uncontested.

17              1.    Jurisdiction exists under 28 U.S.C. § 1331 and 28

18  U.S.C. § 1367.

19              2.    Venue is proper under 28 U.S.C. § 1391.

20              3.    The parties agree that the substantive law of the

21  State of California provides the rule of decision as to

22  supplemental claims.

23              4.    At all times during her employment with Madeira

24  Plaintiff was an "at-will" employee.

25        B.    Contested.

26              1.    All remaining legal issues are disputed.

27  VII. Consent to Magistrate Judge Jurisdiction.

28              1.    The parties have not consented to transfer the

                                    4

1  case to the Magistrate Judge for all purposes, including trial.

2  VIII.      Corporate Identification Statement.

3      1.   Any nongovernmental corporate party to any action in

4  this court shall file a statement identifying all its parent

5  corporations and listing any entity that owns 10% or more of the

6  party's equity securities.  A party shall file the statement with

7  its initial pleading filed in this court and shall supplement the

8  statement within a reasonable time of any change in the

9  information.

10 IX.  Discovery Plan and Cut-Off Date.

11      1.   The parties have completed their initial disclosures.

12      2.   The parties are ordered to complete all non-expert

13 discovery on or before May 31, 2011.

14      3.   The parties are directed to disclose all expert

15 witnesses, in writing, on or before June 1, 2011.  Any rebuttal

16 or supplemental expert disclosures will be made on or before July

17 1, 2011.  The parties will comply with the provisions of Federal

18 Rule of Civil Procedure 26(a)(2) regarding their expert

19 designations.  Local Rule 16-240(a) notwithstanding, the written

20 designation of experts shall be made pursuant to F. R. Civ. P.

21 Rule 26(a)(2), (A) and (B) and shall include all information

22 required thereunder.  Failure to designate experts in compliance

23 with this order may result in the Court excluding the testimony

24 or other evidence offered through such experts that are not

25 disclosed pursuant to this order.

26      4.   The parties are ordered to complete all discovery,

27 including experts, on or before July 29, 2011.

28      5.   The provisions of F. R. Civ. P. 26(b)(4) shall

5

apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before August 15, 2011, and heard on September 16, 2011, at 9:00 a.m. before Magistrate Judge Jennifer L. Thurston in her courtroom located at 1300 18th Street, Suite A, Bakersfield, California.

2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be filed no later than August 30, 2011, and will be heard on October 3, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

1.   November 7, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281

and 282 of the Local Rules of Practice for the Eastern District
of California, as to the obligations of counsel in preparing for
the pre-trial conference.  The Court will insist upon strict
compliance with those rules.

XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to
the Court of any motions filed.  Exhibits shall be marked with
<u>protruding numbered or lettered tabs</u> so that the Court can easily
identify such exhibits.

XIII.  Trial Date.

    1.    December 13, 2011, at the hour of 9:00 a.m. in
Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,
United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    Three to five days.

    4.    Counsels' attention is directed to Local Rules
of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for August 3,
2011, at 10:00 a.m. before the Honorable Jennifer L. Thurston,
United States Magistrate Judge whose chambers is located at 1200
Truxtun Avenue, Suite 120, Bakersfield, California.

    2.    Unless otherwise permitted in advance by the
Court, the attorneys who will try the case shall appear at the
Settlement Conference with the parties and the person or persons
having full authority to negotiate and settle the case on any
terms at the conference.

7

1    3.    Permission for a party [not attorney] to attend
2  by telephone may be granted upon request, by letter, with a copy
3  to the other parties, if the party [not attorney] lives and works
4  outside the Eastern District of California, and attendance in
5  person would constitute a hardship.  If telephone attendance is
6  allowed, the party must be immediately available throughout the
7  conference until excused regardless of time zone differences.
8  Any other special arrangements desired in cases where settlement
9  authority rests with a governing body, shall also be proposed in
10  advance by letter copied to all other parties.

11    4.    Confidential Settlement Conference Statement.
12  At least five (5) days prior to the Settlement Conference the
13  parties shall submit, directly to the Magistrate Judge's
14  chambers, a confidential settlement conference statement.   The
15  statement should not be filed with the Clerk of the Court nor
16  served on any other party.   Each statement shall be clearly
17  marked "confidential" with the date and time of the Settlement
18  Conference indicated prominently thereon.   Counsel are urged to
19  request the return of their statements if settlement is not
20  achieved and if such a request is not made the Court will dispose
21  of the statement.

22    5.    The Confidential Settlement Conference
23  Statement shall include the following:

24    a.    A brief statement of the facts of the
25  case.

26    b.    A brief statement of the claims and
27  defenses, i.e., statutory or other grounds upon which the claims
28  are founded; a forthright evaluation of the parties' likelihood

1  of prevailing on the claims and defenses; and a description of

2  the major issues in dispute.

3          c.    A summary of the proceedings to date.

4          d.    An estimate of the cost and time to be

5  expended for further discovery, pre-trial and trial.

6          e.    The relief sought.

7          f.    The parties' position on settlement,

8  including present demands and offers and a history of past

9  settlement discussions, offers and demands.

10 XV.  Request For Bifurcation, Appointment Of Special Master,

11 Or Other Techniques To Shorten Trial.

12     1.   None.

13 XVI. Related Matters Pending.

14     1.   There are no related matters.

15 XVII.     Compliance With Federal Procedure.

16     1.   The Court requires compliance with the Federal

17 Rules of Civil Procedure and the Local Rules of Practice for the

18 Eastern District of California.  To aid the court in the

19 efficient administration of this case, all counsel are directed

20 to familiarize themselves with the Federal Rules of Civil

21 Procedure and the Local Rules of Practice of the Eastern District

22 of California, and keep abreast of any amendments thereto.

23 XVIII.    Effect Of This Order.

24     1.   The foregoing order represents the best

25 estimate of the court and counsel as to the agenda most suitable

26 to bring this case to resolution.  The trial date reserved is

27 specifically reserved for this case.  If the parties determine at

28 any time that the schedule outlined in this order cannot be met,

1  counsel are ordered to notify the court immediately of that fact

2  so that adjustments may be made, either by stipulation or by

3  subsequent scheduling conference.

4       2.    Stipulations extending the deadlines contained

5  herein will not be considered unless they are accompanied by

6  affidavits or declarations, and where appropriate attached

7  exhibits, which establish good cause for granting the relief

8  requested.

9       3.    Failure to comply with this order may result in

10 the imposition of sanctions.

11

12 IT IS SO ORDERED.

13 Dated:    November 12, 2010           /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28